IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANDREA LANCASTER and
WILLIAM LANCASTER,

    Plaintiffs,

v.                                                                                          Civ. No. 20-1156 KG/LF

GOODMAN REAL ESTATE, INC. d/b/a
THE TOWERS APARTMENTS, and
SCHINDLER ELEVATOR CORPORATION,

    Defendants.

ORDER ON GOODMAN REAL ESTATE, INC.'S MOTION IN LIMINE NO. 1

Defendant Goodman Real Estate, Inc., d/b/a The Towers Apartments, joined by Defendant Schindler Elevator Corporation, seeks to exclude Plaintiffs Exhibits A-1 through A-6, which are letters provided by other residents of The Towers Apartments about other incidents involving the elevators, on the basis that the letters constitute inadmissible hearsay, are irrelevant, have not been authenticated, and will confuse and/or mislead the jury, or otherwise cause unfair prejudice.[1] (Docs. 70, 76). Plaintiffs Andrea and William Lancaster timely responded to the Motion and contend the letters are admissible to demonstrate Goodman's "knowledge, mental state, and habit." (Doc. 88) at 1. For the reasons explained herein, the Court grants the Motion.

Plaintiffs tendered six (6) written documents that all post-date the incident in this case, to wit, August 22, 2017. *See* (Doc. 70-1). Exhibit A-2 details an incident from May 2017, which

---

[1] Defendant Schindler filed a similar, but much broader, motion related to "other incidents." (Doc. 73). That Motion is the subject of a separate Order.

predates the incident in this case, and Exhibit A-6 addresses unknown incident dates. The remaining letters detail incidents after August 22, 2017.

As the proponents of the letters, Plaintiffs bear the burden of establishing admissibility. *U.S. Aviation Underwriters, Inc. v. Pilatus Bus. Aircraft, Ltd.*, 582 F.3d 1131, 1149 (10th Cir. 2009). Plaintiffs assert the letters are admissible because they are: 1) not offered for the truth of the matter asserted and are, therefore, not hearsay; 2) offered to show Goodman's knowledge, mental state, and habit; 3) relevant to show that the elevators tended to malfunction; 4) offered to show a pattern of negligence; 5) admissible habit evidence; and 6) subject to authentication at trial. *See* (Doc. 88).

Plaintiffs cite Federal Rule of Evidence 801(c)(2) for the proposition that a statement not offered for the truth of the matter asserted is not hearsay. (Doc. 88) at 2. While Plaintiffs are correct, they would have to show Goodman received the letters *before* the incident at issue to use the letters as showing Goodman was on notice of alleged issues. Given that all of the letters post-date the incident, and Plaintiffs offered no basis to suggest the complaints were made to Goodman prior to the incident in question, Plaintiffs cannot make this showing. Moreover, Plaintiffs' argument is self-defeating: while saying that the letters are offered to show Goodman was on notice of alleged elevator issues before the incident in question, the go on to argue that the letters are "clearly relevant to show that the elevators tended to malfunction." (Doc. 88) at 3. In which case, the letters are offered for the truth of the matter asserted. Based on the information before the Court, the letters constitute out-of-court statements offered for the truth of the matter asserted (to wit, that the elevators tended to malfunction *and* that Goodman was on notice of these malfunctions), and are hearsay. Plaintiffs offer no exception to the hearsay rule for the Court to consider, and therefore the letters are inadmissible.

Plaintiffs cite *Peshlakai v. Ruiz*, 39 F. Supp. 3d 1264 (D.N.M. 2014), for the proposition that prior-incident complaints can be admissible "for the limited purpose of showing that a defendant *knew* of the complaints and took no action on them." (Doc. 88) at 3. *Peshlakai* is easily distinguished. In that case, the prior-incident complaints were made *before* the incident in question. Not true in this case, as the letters all post-date the incident in question, it is unclear whether the letters were ever given to Goodman at all, and the incidents reference seem to post-date the incident in question.

Moreover, the *Peshlakai* court also admitted post-incident complaints because they "tend[ed] to make more likely [defendant]'s culpable mental state [on the date of the incident]." (Doc. 88) at 4 (quoting *Peshlakai*, 39 F. Supp. 3d at 1336). Again, that court admitted post-incident complaints in the context of a defendant who received written complaints prior to the incident and received written complaints after the incident in question. Here, Plaintiffs cannot show that Goodman ever received the letters in question, outside of this litigation, or that Goodman received any such complaints before the August 2017 incident. *Peshlakai* does not help Plaintiffs avoid the hearsay conclusion.

Next, Plaintiffs argue the letters are admissible pursuant to Rule 404(b) for a "proper purpose." (Doc. 88) at 4. This argument fails for the reasons discussed above, specifically that Plaintiffs failed to show Goodman was on notice of the complaints *before* the incident in question.

Finally, Plaintiffs urge admissibility as habit evidence under Rule 406. To wit, Plaintiffs contend "Defendants' failure to repair the elevators after being on notice of numerous complaints by residents of the Towers shows Defendants' routing [sic] of ignoring complaints." (Doc. 88) at 5.

Rule 406 states that "[e]vidence of a person's habit or an organization's routine practice may be admitted to prove that on a particular occasion the person or organization acted in accordance with the habit or routine practice. The court may admit this evidence regardless of whether it is corroborated or whether there was an eyewitness." Fed. R. Evid. 406. "[A] routine practice is 'conduct that an organization performs frequently and consistently in a specific situation.'" *Hasan v. AIG Prop. Cas. Co.*, 935 F.3d 1092, 1100 (10th Cir. 2019) (quoting Charles A. Wright, et al., 23 Fed. Prac. & Proc. Evid. § 5274, at 43 (2d ed.)).

Plaintiffs again encounter a temporal problem. Routine practice evidence may be used to establish conforming action based on a prior course of conduct. Plaintiffs did not cite, and the Court could not find, cases relying on *subsequent* conduct to establish confirming action at a preceding event.

Based on the information presented, the Court finds that Exhibits A1 through A6 are being offered for the truth of the matter asserted, constitute hearsay, and are not admissible under Rules 404(b) or 406. For these reasons, the Court grants Goodman's Motion in Limine No. 1 and excludes Exhibits A1 through A6. Plaintiffs shall not mention, discuss, or otherwise reference or refer to the letters in the jury's presence.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE