IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANDREA LANCASTER and
WILLIAM LANCASTER,

      Plaintiffs,

v.                                                    Civ. No. 20-1156 KG/LF

GOODMAN REAL ESTATE, INC. d/b/a
THE TOWERS APARTMENTS, and
SCHINDLER ELEVATOR CORPORATION,

      Defendants.

ORDER ON GOODMAN REAL ESTATE, INC.'S MOTION IN LIMINE NO. 2

Defendant Goodman Real Estate, Inc., d/b/a The Towers Apartments, joined by Defendant Schindler Elevator Corporation, seeks to exclude evidence, testimony, and argument related to punitive damages on the basis that Plaintiffs Andrea and William Lancaster did not specifically request punitive damages in their Complaint and did not identify punitives as a measure of damages in response to discovery requests. (Docs. 71, 77). Plaintiffs oppose the Motion. (Doc. 89). For the reasons explained herein, the Motion is granted in part and otherwise denied. Plaintiffs may not mention, discuss, or request punitive damages during *voir dire* or opening statements. Plaintiffs may, however, elicit evidence and testimony that could support punitive damages. Whether to include a punitive damages instruction or to allow the question to go to the jury will be decided at the conclusion of the evidence.

Plaintiffs did not expressly demand punitive damages in the Complaint. However, Plaintiffs did include factual allegations that could put a reasonable defendant on notice of a claim for punitive damages. *See* (Doc. 1-1) at 3, ¶¶ 11, 14. Moreover, Plaintiffs demanded

compensatory damages and "such other and further relief as this Court deems appropriate." *Id.* at 4.

The parties did not brief whether New Mexico law requires a plaintiff expressly to demand punitive damages in the complaint in order to preserve such a claim. However, the Complaint could put a reasonable defendant on notice of a claim for punitive damages. This satisfies notice pleading and Federal Rule of Civil Procedure 8. The Defendants are not being ambushed or otherwise surprised by the request for punitive damages. Moreover, to the extent Defendants suspected punitive damages may have been an issue, the time to file a motion to exclude punitive damages was the dispositive motion deadline, not in a motion *in limine*.

The Court denies in part Defendants' Motion *in Limine* to exclude all mention of or evidence supporting punitive damages. However, the Court will exclude any mention of punitive damages during opening and *voir dire*. Plaintiffs may present evidence as they see fit, including evidence that could support punitive damages. Defendants may object as appropriate. The Court will consider whether a punitive damages instruction is appropriate after the close of evidence. In this way, the Court grants in part and denies in part the Motion (Doc. 71).

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE