IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANDREA LANCASTER and
WILLIAM LANCASTER,

    Plaintiffs,

v.                                                                                                    Civ. No. 20-1156 KG/LF

GOODMAN REAL ESTATE, INC. d/b/a
THE TOWERS APARTMENTS, and
SCHINDLER ELEVATOR CORPORATION,

    Defendants.

## ORDER DENYING AND STRIKING MOTION TO EXCLUDE OR LIMIT EXPERT TESTIMONY

The Court ordered "Pretrial motions other than discovery (including motions which may require a *Daubert* hearing)" to be filed no later than February 18, 2022. (Doc. 35). Plaintiffs filed their Motion to Exclude or Limit Expert Testimony on October 21, 2022. (Doc. 64). Plaintiffs' Motion was 245 days late. Defendant Triad Towers, LLC[1] moved to strike the Motion as being untimely. (Doc. 65). For the reasons described herein, Plaintiffs' Motion (Doc. 64) is denied as untimely and Triad Towers' Motion to Strike (Doc. 65) is granted. In so ruling, the Court has not yet accepted Dr. Davis as an expert, and indeed passes no judgment on whether he is qualified to render any or all of the opinions at issue in his report. The parties may *voir dire* Dr. Davis and Plaintiffs may raise any specific challenges at trial.

Notwithstanding the numerous citations in their Motion to *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), and its progeny, Plaintiffs argue that the Motion is not a

---

[1] Defendant Goodman Real Estate, Inc. indicates it was improperly designated and refers to itself, instead, as Triad Towers. (Doc. 65) at 1. The Court does the same.

*Daubert* challenge. (Doc. 82) at 1 ("Plaintiff does not agree that the motion requires a *Daubert* hearing—Plaintiff does not contend that Dr. Davis is not qualified as an expert in emergency medicine, but instead asks the Court to prevent Dr. Davis from offering opinions outside of his area of expertise."). Despite Plaintiffs' protestations to the contrary, Plaintiffs admit that they seek to exclude those opinions they contend exceed Dr. Davis' scope of expertise: that is, Plaintiffs challenge Dr. Davis' qualifications to render his opinions. For these reasons, the Court construes Plaintiffs' Motion as a *Daubert* motion.

The Court concludes that Plaintiffs' Motion, as a *Daubert* motion, is untimely. The Court further notes that Triad timely provided Dr. Davis' expert report to Plaintiffs on October 4, 2021, *see* (Doc. 39) (Certificate of Service), a full year before Plaintiffs filed the instant challenge. Plaintiffs had ample opportunity to timely challenge Dr. Davis' qualifications to offer any of the opinions rendered. For these reasons, the Court grants Triad's Motion to Strike (Doc. 65) and will strike Plaintiffs' Motion (Doc. 64) from the record.

Nonetheless, Plaintiffs concede that Dr. Davis is qualified to testify about at least some aspects of his report. Therefore, the Court will not exclude Dr. Davis outright. The parties may *voir dire* Dr. Davis on his qualifications to render specific opinions prior to eliciting those opinion. Plaintiffs may object, as necessary, at trial.

IT IS SO ORDERED.

UNITED STATES DISTRICT JUDGE