IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANDREA LANCASTER and
WILLIAM LANCASTER,

    Plaintiffs,

v.                                                              Civ. No. 20-1156 KG/LF

GOODMAN REAL ESTATE, INC. d/b/a
THE TOWERS APARTMENTS, and
SCHINDLER ELEVATOR CORPORATION,

    Defendants.

ORDER ON GOODMAN REAL ESTATE, INC.'S MOTION IN LIMINE NO. 3

Defendant Goodman Real Estate, Inc., d/b/a The Towers Apartments, joined by Defendant Schindler Elevator Corporation, filed an "omnibus" Motion *in Limine* requesting nine (9) types of relief. (Docs. 72 and 78, respectively). Plaintiffs Andrea and William Lancaster timely responded and request that the Motion be denied in its entirety. (Doc. 90). Goodman seeks to exclude:

    A) "any reference, evidence, testimony, or argument by Plaintiffs or counsel that describe either Plaintiff as a "victim" or other words to that effect";

    B) "[r]eferences in opening statement, closing argument, or at any other point of the trial that jury members should 'send a message' to Defendants [or] act as a 'conscience of the community'";

    C) "any evidence, or reference thereto, that Plaintiffs failed to produce during discovery";

    D) "evidence or argument about witnesses Defendant decides not to call at trial";

    E) "mention of any action taken by the Court in ruling upon any matter … prior to the trial of this case or during the trial … where the ruling is made outside the presence of the jury";

F) "settlement offers or other correspondence between the parties and/or the parties' counsel";

G) "request[s that] opposing counsel enter into stipulations or produce documents in the presence of the jury";

H) "references to the size or resources of defense counsel's law firm"; and

I) "[a]ny mention of Defendant's liability insurance[.]"

(Doc. 72).

The Court addresses each requested exclusion in turn. As a general matter, the Court discourages generic and boiler-plate motions *in limine* that essentially ask the Court to enforce the Rules of Evidence. The Court remains well aware of the Rules, enforces them evenly across the board, and generally prefers to handle minor evidentiary questions during trial. However, the briefing in this case necessitated a written Order clarifying how the trial will proceed. As explained herein, the Court grants-in-part and denies-in-part the Motion.

A. References, Arguments, Testimony, or Comments Referring to Plaintiff as a Victim

Goodman moves to exclude "any reference, evidence, testimony, or argument by Plaintiffs or counsel that describe either Plaintiff as a 'victim' or other words to that effect" on the basis that the "term incorrectly implies the existence of wrongdoing and serves only to mislead or inflame the jury and prejudice it against Defendant." (Doc. 72) at 1. Goodman cites to Federal Rule of Evidence 403 to support its position.

Plaintiffs oppose on the bases that a "victim" is "a person harmed by a crime, tort, or other wrong," and that the Court should not limit trial advocacy. (Doc. 90) at 3 (quoting Black's Law Dictionary, p. 1266 (7th ed. 2000)).

Plaintiffs are correct that the term "victim" implies that someone has suffered a wrong—something somewhat intentional. Whether a tort occurred remains an open question for the jury to resolve. Applying the Rule 403 balancing test, the Court is persuaded that the concededly

limited probative value of the term "victim" is "substantially outweighed by a danger of … unfair prejudice" to the Defendants. Fed. R. Evid. 403. Therefore, the Motion is granted with respect to the term "victim." Plaintiffs and their counsel shall refrain from using the term "victim."

To the extent Goodman seeks to exclude "other words to that effect," the Court cannot determine what would be excluded. Therefore, the Motion is denied on that point.

B. Argument Asking the Jury to "Send a Message," To Act as "the Conscience of the Community," or To Improperly Decide the Case Based on Passion and Prejudice

Next, Goodman asks the Court to prohibit any argument "that jury members should 'send a message' to Defendants, act as a 'conscience of the community,' or should consider similar and equally improper factors in determining whether to award compensatory damages" because these arguments are "inherently prejudicial because they, on their face, urge the jury to render its verdict based on passion and prejudice." (Doc. 72) at 2.

With respect to the "send a message" portion, Plaintiffs agree that such an argument is only appropriate when punitive damages are on the table. (Doc. 90) at 4. Accordingly, that portion of the Motion is granted. Plaintiffs will not ask the jury to "send a message" during *voir dire* or opening statements. Plaintiffs may seek to revisit this ruling if the punitive damages question will be submitted to the jury.

Plaintiffs oppose the "conscience of the community" portion of this request on the basis that the jury, traditionally, serves as the conscience of the community. (Doc. 90) at 4 (citing *Silkwood v. Kerr-McGee Corp.*, 769 F.2d 1451, 1466 (10th Cir. 1985)).

The Court lacks adequate information, at this stage, to rule on the "conscience of the community" portion of the request and therefore denies this aspect of the Motion without prejudice.

3

C. Evidence Not Produced During Discovery

Goodman asks the Court to "exclude any evidence, or reference thereto, that Plaintiffs failed to produce during discovery." (Doc. 72) at 2. Plaintiffs, confusingly, object to this request on the basis that the "request lacks specificity and is too broad to be ruled upon" and that "Defendants fail to take into account that neither the parties nor this Court can accurately anticipate the evidence that may be presented at trial, which may require either party to introduce previously undisclosed evidence[.]" (Doc. 90) at 5.

Part of the Court's goal in ruling on motions *in limine* is to streamline trial and limit surprise. The notion that previously undisclosed evidence could be introduced at trial runs afoul of both these goals. Moreover, Federal Rule of Civil Procedure 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence … at a trial, unless the failure was substantially justified or is harmless." *See also Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). The presumption is that previously undisclosed evidence is excluded. Therefore, the Court grants the Motion. Any party that wishes to introduce previously undisclosed evidence must approach the bench <u>before</u> referencing said evidence and will bear the burden of establishing admissibility under the applicable Rules of Evidence and Federal Rule of Civil Procedure 37.

D. References to Witnesses Not Called by Defendant

Goodman asks the Court to preclude "Plaintiffs from offering evidence or argument about witnesses Defendant decided not to call at trial" because the "strategic decision to call or not call a witness at trial is irrelevant to the material issues in the case, and its admission is unfairly prejudicial to the opposing party." (Doc. 72) at 3. Goodman cites, in passing, to Rule

403 for this argument and contends that it would have to "respond with information about [its] attorneys' considerations and assessment of the case." *Id.*

Plaintiffs oppose on the basis that a published Tenth Circuit decision upheld the district court's discretion to allow commentary – that is, closing argument – on whether or why a witness was not called. (Doc. 90) at 5 (citing *Wilson by and through Wilson v. Merrell Dow Pharm. Inc.*, 893 F.2d 1149, 1152 (10th Cir. 1990)). Plaintiffs contend that "counsel should be permitted to comment on the evidence and witnesses Defendants elect not to call and a possible reason for that decision." *Id.*

Goodman cited no cases in support of this argument and does not suggest that Plaintiffs or their witnesses are likely to call attention to absent witnesses in their testimony. To the extent this is about comments or arguments of Plaintiffs' counsel, it is not a proper subject for a motion *in limine*. Goodman failed to meet its burden on this part of the Motion. Therefore, the Court denies this part of the Motion without prejudice.

E. This Motion in Limine, Discovery Disputes, and Other Motions and Court Rulings on Matters Outside the Jury's Presence

Next, Goodman asks the Court to exclude "mention of any action taken by the Court in ruling upon any matter, including the Defendants' motions for summary judgment and their motions in limine, prior to the trial of this case or during the trial of this case where the ruling is made outside the presence of the jury." (Doc. 72) at 3.

Plaintiffs argued in response that "at times, it is proper to explain that based on Court rulings certain evidence or questions cannot be presented." (Doc. 90) at 6.

Ordinarily, the Court would deny this portion of the Motion as too vague to consider and direct counsel to raise objections as necessary. Pretrial rulings on admissible are based on law and are not the pervue of the jury to consider when deciding questions of fact. Moreover, given

Plaintiffs' argument, the Court must clarify that it is <u>never</u> appropriate for counsel to comment to the jury that certain evidence or questions cannot be presented based on Court rulings. A Court ruling that certain evidence is inadmissible or a certain question cannot be asked means that counsel cannot attempt to backdoor the evidence, or even an inference thereto, by telling the jury it was excluded. Any attempt to circumvent Court rulings will be met with sanctions.

This portion of the Motion is granted to the extent that counsel will not remark to the jury that "certain evidence or questions cannot be presented" "based on Court rulings." The remainder of this portion is denied without prejudice. Counsel will raise objections, as necessary, at trial.

F. Settlement Offers or Lack Thereof, Offers of Judgment, and Other Correspondence Between the Parties and Their Counsel

Goodman seeks to exclude any mention of "settlement offers or other correspondence between the parties and/or the parties counsel." (Doc. 72) at 3. Plaintiffs stipulate that this portion of the Motion is covered by Rules 408 and 502. (Doc. 90) at 7. In this way, this portion of the Motion is granted as stipulated. To the extent either party seeks to elicit testimony or introduce evidence on these points, counsel will alert the Court and opposing counsel in advance.

G. All Requests by the Parties for Information or Documents in the Presence of the Jury

Next, Goodman asks the Court to prohibit counsel from "request[ing] opposing counsel enter into stipulations or produce documents in the presence of the jury." (Doc. 72) at 4. Plaintiffs counter that this request is too broad and undefined, and unsupported, for the Court to meaningfully consider. (Doc. 90) at 7. Plaintiffs further argue that "there are circumstances where a request for more information or proof is valid. For instance, should an expert begin to talk about scholarly articles, it would be proper to ask if the expert brought those articles." *Id.*

Again, ordinarily, the Court would agree with Plaintiffs and deny this portion of the Motion without prejudice. However, the suggestion that it may be proper to ask a testifying expert, at trial, to produce referenced articles demands a response. Plaintiffs are incorrect. Trial is not a deposition and will not proceed with "gotcha" tactics or displays of posturing for the jury. Should a testifying expert reference an article not previously identified or disclosed, counsel will request a bench conference, flag the issue for the Court, and the issue will be addressed outside the presence of the jury. Counsel will not engage in grandstanding or suggest that testifying witnesses are required to bring documents with them, especially when they are not appearing under a *subpoena duces tecum*.

As outlined above, this portion is granted-in-part and otherwise denied without prejudice.

H. References to or Comments Regarding Defendant's Attorneys

For its penultimate request, Goodman moves the Court to "preclude Plaintiffs and their counsel from making any references to the size or resources of defense counsel's law firm," on the basis that it is irrelevant and would constitute unfair prejudice. (Doc. 72) at 4.

Plaintiffs respond that "denouncing opposing counsel at trial, making derogatory comments about them, or encouraging a jury to focus on opposing counsel rather than the evidence, would be improper," but contends it "would not be unduly prejudicial to remark on what occurs in the courtroom and to reference the attorneys." (Doc. 90) at 7. Plaintiffs argue a "blanket order precluding comments about opposing counsel is simply too broad." *Id.* at 8.

Plaintiffs make too much of the Motion. Goodman moved for an order precluding reference to the size of defense counsel's firm or the resources of defense counsel's firm. The Court agrees that references to the size or resources of the respective law firms is irrelevant, that is, it has no bearing at all on any fact of consequence in this case. As a general matter, if at any

point in a legal case the subject matter becomes more about the attorneys than the legal and factual matters to resolve, the case has taken an unfortunate turn. Therefore, this portion of the Motion is granted.

I. Evidence of Defendant's Liability Insurance

Finally, Goodman moves to excludes any mention of its liability insurance, pursuant to Rule 411. (Doc. 72) at 4-5. Plaintiffs respond that references to *all* insurance policies should be excluded. (Doc. 90) at 8.

The Court grants Defendant's Motion in this respect and denies Plaintiffs' request to expand the question. Rule 411 provides that evidence of *liability* insurance "is not admissible to prove whether the person acted negligently or otherwise wrongfully. But the court may admit this evidence for another purpose, such as proving a witness's bias or prejudice or proving agency, ownership, or control." Fed. R. Evid. 411. To the extent any party wishes to raise or invoke insurance in another context, counsel should tread lightly and alert the Court before raising insurance to the jury.

For the reasons explained herein, the Motion (Doc. 72) is granted in part and denied in part.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE