IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANDREA LANCASTER and
WILLIAM LANCASTER,

    Plaintiffs,

v.                                                            Civ. No. 20-1156 KG/LF

GOODMAN REAL ESTATE, INC. d/b/a
THE TOWERS APARTMENTS, and
SCHINDLER ELEVATOR CORPORATION,

    Defendants.

ORDER DENYING MOTION TO
EXCLUDE OR LIMIT EXPERT TESTIMONY

       Defendant Schindler Elevator Corporation, joined by Defendant Goodman Real Estate, Inc. d/b/a The Towers Apartments, seeks a pretrial ruling regarding "any attempts by Plaintiff[s] to assert evidence regarding allegations that are not tied to the incident in question and thus are not relevant and to Plaintiffs' expert speculating regarding Plaintiff Andrea Lancaster's perception." (Doc. 74) at 1; (Doc. 75) (Goodman's Notice of Joinder). Plaintiffs oppose. (Doc. 86). For the reasons explained herein, the Court denies the Motion without prejudice.

       At the outset, the Court does not consider this a *Daubert*-type motion as it does not challenge Mr. Stabler's qualifications or methodology. This Motion is targeted to two specific factual issues, and neither challenge relates to foundation. For these reasons, the Court does not consider this Motion as untimely filed.

       Schindler seeks to prevent Plaintiffs' retained liability expert, Joseph Stabler, from testifying about various elevator-related code violations at the Towers Apartments on the basis that these ancillary violations are irrelevant and unfairly prejudicial, or otherwise constitutes

improper character evidence. (Doc. 74) at 2-3. Schindler also asks the Court to prevent Mr. Stabler from "speculating as to what Mrs. Lancaster was perceiving," in particular, to prevent Mr. Stabler from testifying that "elevator passengers often perceive abrupt movements in an elevator as dropping." *Id.* at 4 (second quotation quoting Doc. 46, Ex. B at 4, Mr. Stabler's affidavit).

Plaintiffs counter that Mr. Stabler will testify to "Defendants' lack of maintenance of the elevator," including Mr. Stabler's conclusion in his report that "failure to maintain, service and repair the elevator in accordance with adopted codes, laws and standards, and preventive maintenance agreement, may cause or contribute to cause equipment failures and malfunctions[.]" (Doc. 86) at 3. Plaintiffs cite *Elliot v. Turner Construction Co.*, 381 F.3d 995, 1003–04 (10th Cir. 2004), for the proposition that this type of evidence is "intrinsic" to the alleged negligence, not subject to Rule 404(b), and not unfairly prejudicial. (Doc. 86) at 6.

The Court agrees with Plaintiffs. Evidence that Schindler failed to adequately maintain the elevator or otherwise comply with applicable codes and requirements may be part and parcel to the negligent maintenance claim at issue in this case. At this stage, this portion of Schindler's Motion is denied.

With respect to Mr. Stabler's anticipated testimony about how elevator passengers perceive abrupt movements, the Motion is denied. Assuming Mr. Stabler is qualified as an expert, as proffered, and can support his statement, he may testify about his experience with elevator malfunction investigations and how, as part of his investigation, he is aware of how people *other than the Plaintiffs in this case* report and describe elevator malfunction events.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

2