IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANDREA LANCASTER and
WILLIAM LANCASTER,

    Plaintiffs,

v.                                                                                                  Civ. No. 20-1156 KG/LF

GOODMAN REAL ESTATE, INC. d/b/a
THE TOWERS APARTMENTS, and
SCHINDLER ELEVATOR CORPORATION,

    Defendants.

ORDER ON SCHINDLER ELEVATOR CORPORATION'S MOTION IN LIMINE
REGARINDG OTHER INCIDENTS

Defendant Schindler Elevator Corporation (Schindler), joined by Defendant Goodman Real Estate, Inc., d/b/a The Towers Apartments, seeks to exclude "evidence suggestions [sic] that there were other similar incidents involving the same elevator." (Doc. 73) at 1; (Doc. 75) (Goodman's joinder). Citing primarily product defect and product liability cases, as well as cases from outside New Mexico and outside the Tenth Circuit, Schindler argues "Plaintiffs must demonstrate that the other incident occurred under circumstances that are <u>substantially similar</u> to the facts of the accident in this case." (Doc. 73) at 1 (emphasis in original). Plaintiffs oppose, with a particular emphasis on six letters written by former residents of The Towers Apartments. (Doc. 91). To the extent this Motion encompasses the letters, Plaintiffs Exhibits A1 through A6, addressed in Goodman's Motion in Limine No. 1, the Court's ruling on that Motion applies here, and the Motion is granted with respect to the letters. (Doc. 133) To the extent this Motion is broader than Goodman's Motion, the Motion is denied.

Schindler relies on the "substantial similarity" test stemming from products liability law. Schindler relies on *Morales v. E.D. Etnyre & Co.*, 382 F. Supp. 2d 1252, 1265 (D.N.M. 2005), for the main proposition that "Plaintiffs must demonstrate that the other incident occurred under circumstances that are <u>substantially similar</u> to the facts of the accident in this case." (Doc. 73) at 1 (emphasis in original). The cited portion of *Morales* is entitled "Products Liability Law," with a sub-heading of "Other Incidents." 382 F. Supp. 2d at 1265. The *Morales* court quoted a 2001 Tenth Circuit decision, *Black v. M & W Gear Co.*, 269 F.3d 1220, holding that "evidence of other accidents <u>in a products liability suit</u>" requires "the party seeking its admission [to] show the circumstances surrounding the other accidents were substantially similar to the accident that is the subject of the litigation before the court." *Black*, 269 F.3d at 1227. This is neither a products liability nor a product defect case; this is a negligent maintenance case. Defendant has offered no basis on which the Court should nevertheless apply the test here. Moreover, Defendant has not identified what information or evidence it seeks to exclude. Accordingly, the Court declines to apply the substantial similarity test.

To the extent this Motion relates to more than the letters, Schindler does not identify what information or evidence it seeks to exclude. Accordingly, the Court denies that portion of the Motion without prejudice. Counsel may object, as necessary, at trial.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE